HUNTER *v.* NEW YORK, O. & W. R. Co.

*(Supreme Court, General Term, Second Department.* July 18, 1890.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

> A brakeman who had struck his head against something while riding on top of a box-car, going through a tunnel, sued the railroad company for the injury on the ground that it was negligent in not giving him notice of a brick arch in the tunnel which reduced its height to 4 feet 7 inches above the top of the car. At the first trial plaintiff testified that he was in a sitting posture when the car entered the tunnel, and the court of appeals reversed a judgment in his favor on the ground that it was physically impossible for him to have come in contact with the arch while in that position. At the second trial plaintiff testified that he rose up as he entered the tunnel to go on the top of the car to another brake; that he was not asked on the first trial whether he stood up; and that he then testified that the tunnel looked as though he could stand up and go through without any trouble. *Held,* that a verdict in his favor would not be disturbed.

Appeal from circuit court, Orange county.

Action by Charles H. Hunter against New York, Ontario & Western Railroad Company. There was a verdict for plaintiff for $8,000. From the judgment entered thereon defendant appeals. For opinion on a former appeal, see 23 N. E. Rep. 9.

Argued before BARNARD P. J., and DYKMAN and PRATT, JJ.

*John B. Kerr,* (*William Vanamee,* of counsel,) for appellant. *T. A. Read,* for respondent.

DYKMAN, J. The plaintiff in this action was a brakeman in the employ of the defendant, and received injuries while passing through a tunnel. As originally excavated, the tunnel was 26 feet wide, and 20 feet high from the ties to the roof. Some years after the construction of the road there was a brick arch built in the tunnel commencing about 200 feet from its west portal, and extending eastward about 85 feet, which reduced the space to about 15 feet 9 inches from the top of the rail to the center of the arch. When the plaintiff was injured he was on the top of a box-car 11 feet 2 inches high above the rails, and it was his theory upon the trial that his head came in contact with the arch as he went into the tunnel from the west, and he was knocked off of the car, and thus sustained his injuries. Upon the first trial of the cause the plaintiff testified that he was in a sitting posture on the top of the box-car, and remembered nothing after he entered the tunnel, and when the cause reached the court of appeals that court decided that it was physically impossible for the plaintiff to receive his injuries in that manner. Upon the second trial, however, the plaintiff swore he rose up as he entered the tunnel to go on the top of the car to another brake, and that he remembered nothing after that. That evidence, if true, avoided the difficulty which caused the reversal of the judgment by the court of appeals, and whether it was true or false was a question for the determination of the jury. It was not and could not be contradicted, and it was not impossible or impracticable. It might be true, and the jury found it was so. He said he was not asked on the first trial whether he stood up; and he says he then testified that the tunnel looked as though he could stand up and go through without any trouble. It does not seem to be a case for the interposition of an appellate tribunal. In the place, and performing the functions, of the jury, we might have reached a different conclusion, but that consideration does not justify our interference with the verdict. The verdict is not contrary to evidence, or against the preponderance of the testimony, but is entirely supported and justified by the evidence. If the testimony of the plaintiff commanded the respect and received the belief of the jury, as it did, that is sufficient to justify the verdict. The judgment and order denying the motion for a new trial should be affirmed, with costs. All concur.